**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| ELMA HENDERSON, | ) | Case No. 2:16-cv-01837-JAD-CWH |
| Plaintiff, | ) | |
| v. | ) | |
| THOMAS ROBERT HUGHES, et al., | ) | **ORDER** |
| Defendants. | ) | |

Presently before the court is Defendants' motion (ECF No. 11) to clarify, or for a more definite statement, filed on September 6, 2016 by Defendant Thomas Robert Hughes, acting pro se as well as on behalf of Defendants Odin Statutory Trust and Northstar Global BT.  Plaintiff filed a response (ECF No. 12) on September 9, 2012.

Defendant represents that he is a trustee of both Odin Statutory Trust and Northstar Global BT, and brings this motion partly on their behalf.  However, while a non-attorney may represent himself or herself,  a non-attorney may not appear on behalf of others. *Johns v. Cty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997).  The privilege of acting pro se is personal, and cannot be used to represent another. *C.E. Pope Equity Trust v. U.S.*, 818 F. 2d 696, 697 (9th Cir. 1987).  The court will therefore not entertain this motion as it pertains to either Odin Statutory Trust or Northstar Global BT.

As to Defendant's pro se motion for an order from the court requiring a clarification from Plaintiff, Defendant has not provided any authority under which this court could grant such a request. Under Local Rule 7-2(a), all written motions before the court must be supported by a memorandum of points and authorities.  Defendant's motion does not cite any judicial opinion or statutory authority to support its validity, or provide the court a basis on which to make a ruling.

//

//

//

IT IS THEREFORE ORDERED that Defendants' motion (ECF No. 11) is DENIED without prejudice.

DATED: September 12, 2016.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge