# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Elma Henderson, | 2:16-cv-01837-JAD-CWH |
| Plaintiff | **Order Granting in Part Motions to Dismiss, Sustaining in Part Objections to Magistrate Judge's Order, and Setting Aside Defaults** |
| v. | |
| Thomas Robert Hughes, et al., | [ECF Nos. 99, 101, 103, 107, 129, 134–36, 143] |
| Defendants | |

A Missouri state court awarded Elma Henderson damages against Thomas Robert Hughes and Northstar Global BT in the principal amounts of $15,000 and $225,000, respectively, plus awards of attorney's fees and interest.[1] Henderson domesticated the Missouri judgment in Nevada.[2] In exchange for Henderson's agreement to delay collection, Northstar and Hughes promised to pay Henderson the amount owned under the judgment plus an additional $200,000.[3] As collateral for their obligations to Henderson, Hughes and Northstar placed shares of stock in Mission Mining Company and accounts receivable due to them from that company in escrow.[4] Problems arose and this action followed.

Hoping to expand the pool of debtors that she can recover against on the Missouri judgment, Henderson sues Northstar and numerous other trusts and entities that she alleges are alter egos of Hughes.[5] Henderson sues Mission Mining for breach of contract regarding the

---

[1] ECF No. 85 at ¶ 54. This information, taken from allegations in the first amended complaint, is offered to provide context and should not be construed as a statement of facts.

[2] *Id.* at ¶ 78.

[3] *Id.* at ¶¶ 79–81.

[4] *Id.* at ¶ 82.

[5] *Id.* at ¶¶ 104–08 (count 5). Alleging that Northstar, Odin Statutory Trust, Lake W Holdings, Inc., Western Gold Company, Colindo Minerals, LLC, Colindo, Ltd., Colindo Trust, Bob Creek Trust, BCT Holdings, LLC, CECT Holdings, Inc., Colten Metals, LLC, Pacific Western Capital, Inc., CBH Consulting, LLC, and CBH Ventures are Hughes's alter egos.

assigned accounts receivable.[6]  She sues Hughes and Northstar for beaching the forbearance agreement.[7]  She sues Hughes, Northstar, Mission Mining, and Western Gold Company, LLC for fraudulent transfer of the "Gold Star" mining claims or ownership of the company that holds those claims.[8]  She sues Hughes, Northstar, the Colindo Trust, Colten Metals, LLC, Pacific Western Capital, Inc., Lake W Holdings, Inc. for fraudulent transfer of the "El Dorado," "Lake W Holdings," "Colten Metals," and "Adder" mining claims or ownership of the companies that hold those claims.[9]  She names Hughes's ex-wife Cheryl as a defendant.[10]  And she seeks declaratory relief.[11]

Four defendants move to dismiss the claims against them under FRCP 12(b)(6).[12]  Three different defendants move to dismiss for failure to timely serve them under FRCP 4(m).[13]  Four of the defendants also appeal Magistrate Judge Hoffman's order denying their motion to appear specially for the purpose of contesting service by seeking reconsideration of the magistrate judge's order denying their motions to quash service.[14]

I grant Cheryl Hughes's motion to dismiss under FRCP 12(b)(6) because Henderson has not sufficiently stated a claim for declaratory relief against her.  I give Henderson leave to amend if she can sufficiently state a plausible claim for declaratory relief against Cheryl.  I deny Northstar's and Odin Statutory Trusts's motions to dismiss under FRCP 12(b)(6) because those

---

[6] *Id.* at ¶¶ 100–03 (count 3).

[7] *Id.* at ¶¶ 104–07 (count 4).

[8] *Id.* at ¶¶ 59–68, 88–93 (count 1)

[9] *Id.* at ¶¶ 69–77, 94–99 (count 2).

[10] *Id.* at ¶ 16.

[11] *Id.* at ¶¶ 115–18 (count 6).

[12] ECF Nos. 99, 101, 103, 107, 129.

[13] ECF Nos. 134, 135, 143.

[14] ECF No. 136.

2

defendants have been defaulted by the Clerk of the Court. I disregard Hughes's unauthorized amended motion to dismiss,[15] but I grant his original motion to dismiss under FRCP12(b)(6) in part: I dismiss Henderson's alter-ego claim with leave to amend.

I deny Colindo Minerals, LLC's and Lake W Holdings, LLC's motions to dismiss under FRCP 4(m) because I find that both entities were timely and properly served with process. But I grant Henderson leave to file a second amended complaint to change "Lake W Holdings, Inc." to "Lake W Holdings, LLC." I cannot determine on this record if defaulted defendant Colten Metals, LLC was properly served with process. I therefore convert its motion to dismiss under FRCP 4(m) into a motion to set aside default, grant that request, deny its motion in all other respects, and give Henderson 30 more days to serve Colten.

I also cannot determine on this record if defaulted defendant Frank Finnerty, in his capacity as trustee for the Colindo Trust and the Bob Creek Trust, was properly served with process. I therefore sustain the trusts' objections to the magistrate judge's order in part: I reverse the portion of the order denying reconsideration on the issue of the sufficiency of service on Finnerty. I overrule the trusts' other objections and affirm Judge Hoffman's order in all other respects. I instruct the Clerk of Court to set aside the default entered against Finnerty, and I grant Henderson a 30-day extension to effectuate service.

## Discussion

### A.      Motions to dismiss under FRCP 12(b)(6)

"A dismissal under Federal Rule of Civil Procedure 12(b)(6) is essentially a ruling on a question of law."[16] At minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face."[17] The complaint need not contain detailed factual allegations, but it

---

[15] ECF No. 129.

[16] *North Star Int'l v. Ariz. Corp. Comm.*, 720 F.2d 578, 580 (9th Cir. 1983).

[17] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

must contain more than "a formulaic recitation of the elements of a cause of action."[18]  The Rule 8(a) notice pleading standard requires the plaintiff to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[19]  The "plausibility standard" does not impose a "probability requirement"; rather, it requires a complaint to contain "more than a sheer possibility that a defendant has acted unlawfully."[20]  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."[21]

In considering a motion to dismiss for failure to state a claim upon which relief may be granted, all material allegations in the complaint are accepted as true and are to be construed in a light most favorable to the non-moving party.[22]  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[23]  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[24] "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."[25]  A court should assume the veracity of well-pleaded factual allegations and "then determine whether they plausibly give rise to an entitlement to relief."[26]  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

---

[18] *Id.* at 555.

[19] *Id.* (internal quotation marks and citation omitted).

[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[21] *Id.*

[22] *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).

[23] *Iqbal*, 556 U.S. at 678.

[24] *Id.* at 679.

[25] *Id.*

[26] *Id.*

4

alleged—but it has not shown—that the pleader is entitled to relief."[27] Thus, a complaint may be dismissed as a matter of law for "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim."[28]

The United States Supreme Court's decision in *Ashcroft v. Iqbal* provides a two-step framework for considering the sufficiency of factual allegations subject to a motion to dismiss under FRCP 12(b)(6). First, I may choose to begin by identifying which of the complaint's factual allegations are no more than "legal conclusions" or "mere conclusory statements," because "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."[29] The inquiry then becomes whether the remaining, nonconclusory allegations make it plausible that an actionable claim exists.[30]

Cheryl Hughes, Northstar, Odin Statutory Trust, and Thomas Hughes move to dismiss the amended complaint under FRCP 12(b)(6) for failure to state a claim on which relief can be granted.[31] I address each defendant's argument in turn.

### 1. Cheryl Hughes

Cheryl Hughes argues that the claims against her should be dismissed because Henderson does not allege any wrongdoing on Cheryl's part and Henderson has not actually stated any claims against her.[32] Henderson responds that she named Cheryl as a defendant because "it is appropriate to seek declaratory relief against" Cheryl due to her relationship with other

---

[27] *Id.* (quotation marks, citation, and brackets omitted).

[28] *Smilecare Dental Group v. Delta Dental Plan*, 88 F.3d 780, 783 (9th Cir. 1996) (quoting *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984)).

[29] *Iqbal*, 556 U.S. at 678, 680.

[30] *Id.* at 681.

[31] ECF Nos. 99, 101, 103, 107, 129.

[32] ECF No. 99.

defendants.[33]  Henderson alleges that Cheryl is the "putative owner" of defendant CBH Consulting, LLC and "putative beneficiary" of the Colindo Trust defendant.[34]  Henderson alleges that CBH Consulting and the Colindo Trust are the alter egos of Thomas Hughes.[35]

Declaratory relief is appropriate when "the judgment will serve a useful purpose in clarifying and settling the legal relations in issue" and "it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding."[36]  Accepting Henderson's allegations that Cheryl is the owner of CBH Consulting and the beneficiary of the Colindo Trust as true, as I must, there is still not sufficient factual information in the amended complaint to make it plausible that an actionable claim for declaratory relief exists against Cheryl.  Henderson does not allege what legal relations between herself and Cheryl are unclear, unsettled, uncertain, insecure, or in controversy.  Nor does Henderson allege that she and Cheryl have adverse legal rights or that a definite and concrete controversy going to their respective legal rights has arisen. I therefore grant Cheryl's motion to dismiss.  Henderson may amend her claims against Cheryl if she can sufficiently state a plausible claim for declaratory relief—based on true factual allegations that give rise to an actionable legal theory—against her.

### 2.  *Northstar Global BT and Odin Statutory Trust*

Northstar Global BT and Odin Statutory Trust each moves to dismiss under FRCP 12(b)(6) for failure to state a claim.[37]  Both of these defendants are in default for failing to respond to Henderson's original complaint.[38]  Neither defendant has moved to set aside the Clerk

---

[33] ECF No. 106 at 3.

[34] *Id.*

[35] *Id.*

[36] *Bilbrey by Bilbrey v. Brown*, 738 F.2d 1462, 1470 (9th Cir. 1984).

[37] ECF No. 101, 103.

[38] ECF No. 43.

of Court's entry of default against it. I therefore deny Northstar's and Odin's motions to dismiss. Before they may seek this relief, they must move to set aside the defaults.

### 3. Thomas Robert Hughes

Thomas Robert Hughes responded to Henderson's amended complaint with an answer containing a 13-page motion to dismiss under FRCP 12(b)(6) as his first affirmative defense.[39] Hughes later filed, without leave, an "amended answer to complaint and motion to dismiss."[40] The only difference between Hughes's two filings appears to be the assertion of a statute-of-limitations defense in the later one. I disregard Hughes's later filing because he did not obtain leave of court to file it. I construe Hughes's first filing as a motion to dismiss under FRCP 12(b)(6) and consider it under that standard.

Hughes spends much of his motion disputing the factual allegations in Henderson's complaint. When considering a motion to dismiss, I must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[41] Hughes argues that Henderson cannot state a cognizable claim that the defendant trusts are his alter egos because they are spendthrift trusts governed by Nevada law, and Nevada law authorizes the alter-ego relationship between a natural person and a spendthrift trust.[42] But Henderson does not allege that any of the trusts are spendthrift trusts, and Hughes does not provide any evidence to establish that they are. Without commenting on the merits of Hughes's argument, I note that it invites me to consider matters outside the pleadings; I decline to do so.

Hughes broadly argues that Henderson's alter-ego claim is not adequately supported by factual allegations. I agree. Henderson alleges that 14 different entities and trusts are Thomas Hughes's alter egos. She correctly pleads the elements of an alter-ego claim under Nevada law.

---

[39] ECF No. 107.

[40] ECF No. 129.

[41] *Cahill*, 80 F.3d at 337–38.

[42] ECF No. 107 at 12–19.

But she does not allege sufficient facts to state a claim for alter-ego liability that is plausible on its face as to one or any of the alleged alter-ego defendants. I therefore grant Hughes's motion to dismiss in part as to Henderson's alter-ego claim. Henderson may amend her alter-ego claim if she can sufficiently state plausible alter-ego liability against one or any of the alleged alter-ego defendants.

## B.    Motions to dismiss under FRCP 4(m)

Rule 4(m) of the Federal Rules of Civil Procedure provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or in its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Colindo Minerals, Lake W Holdings, and Colton Metals each moves to dismiss the amended complaint, arguing that Henderson failed to serve them within FRCP 4(m)'s 90-day window.[43] I address each defendant's argument separately.

### 1.    *Colindo Minerals, LLC*

Colindo Minerals argues that it was not timely served with either Henderson's original complaint or her amended pleading. Henderson named Colindo Minerals, LLC as a defendant in her original complaint filed on August 3, 2016.[44] Three days later, Henderson served Colindo Minerals with summons and a copy of the original complaint through its resident agent, CBH Consulting, LLC.[45] Colindo Minerals answered Henderson's original complaint through its counsel, S. Frank Stapleton.[46] I find that this company was properly and timely served with the summons and a copy of Henderson's original complaint.

I also find that Colindo was properly and timely served with a copy of Henderson's first amended complaint. Rule 5(b)(3) authorizes a pleading filed after an original complaint to be

---

[43] ECF Nos. 134, 135, 143.

[44] ECF No. 1 at 3, ¶ 7.

[45] *Compare* ECF No. 1 (original complaint) *with* ECF No. 15 at 2 (affidavit attesting that Colindo Minerals was served with copies of the summons and complaint on August 10, 2016).

[46] ECF No. 34.

served using the court's electronic-filing system, if a local rule so authorizes. The local rules of this district authorize service to be effected in that manner on persons who are "filers" in the court's electronic-filing system.[47] Colindo's attorney is a "filer" in the court's electronic-filing system. Thus, when Henderson electronically filed her first amended complaint,[48] Colindo was necessarily served with a copy of that pleading through its attorney via the Court's electronic-filing system.[49] I therefore deny Colindo's motion to dismiss either of Henderson's complaints under FRCP 4(m).

### 2. Lake W Holdings, Inc./Lake W Holdings, LLC

Lake W Holdings, LLC argues that it was not timely served with process for either of Henderson's complaints because she named[50] and served[51] the wrong entity: Lake W Holdings, **Inc.** instead of Lake W Holdings, **LLC**.[52] Henderson responds that service was nonetheless timely and proper because the company and the corporation are one in the same.[53] I agree.

The parties agree that the Lake W Holdings, Inc. that Henderson sued and served converted its form into a limited-liability entity several years ago. The records for this entity that are available for public inspection on the Colorado Secretary of State's website are consistent

---

[47] L.R. IC 4-1 (a), (b) (providing that "[p]articipation in the court's electronic[-]filing system by registration and receipt of a login and password constitutes consent to the electronic service of pleadings and other papers under applicable rules, statutes, or court orders" and "electronic transmission of the Notice of Electronic Filing constitutes service of a document on filers").

[48] ECF No. 85.

[49] *See* ECF No. 85 at 26 (certificate of service stating that "S. Frank Stapleton" and "Thomas (T.R.) Hughes" were served with the first amended complaint "via electronic means").

[50] ECF No. 1 at 2–3, ¶ 5; ECF No. 85 at 3, ¶ 5.

[51] ECF Nos. 19, 132.

[52] ECF No. 135.

[53] ECF No. 142.

with the parties' agreement.[54]  Colorado law provides that when an entity converts from one form to another, "the conversion shall not be deemed to constitute a dissolution of the converting entity and shall constitute a continuation of the existence of the converting entity in the form of the resulting entity."[55]  "The resulting entity is the same entity as the converting entity."[56] Because the Lake W Holdings, Inc. that Henderson sued and served is "the same entity" as Lake W Holdings, LLC, I find that Henderson's naming gaffe does not render service ineffective.  I therefore deny Lake W's motion to dismiss.  However, to ensure a clear record in this case, I grant Henderson leave to amend her complaint to change the name of this entity from "Lake W Holdings, Inc." to "Lake W Holdings, LLC."  Lake W Holdings, LLC will then have 14 days after service of the second amended complaint to answer or otherwise respond to that pleading.[57]

### 3.      *Colten Metals, LLC*

Colten Metals, LLC argues that Henderson's claims against it should be dismissed under FRCP 4(m) because it was not timely or properly served with process.[58]  The problem, Colten argues, is that Henderson served summons and a copy of the original complaint on CBH Consulting, LLC, which she claimed was Colten's resident agent, but it is not.  Henderson urges me to disregard Colten's motion because that entity is in default.[59]

---

[54] *See* Articles of Amendment, attached as Appendix A (filed in December 2009 and providing that BCT Capital, Inc. amended its name to Lake W Holdings, Inc.); Statement of Conversion, attached as Appendix B (filed in January 2011 and providing that Lake W Holdings, Inc. converted to a limited-liability company entitled Lake W Holdings, LLC).  I take judicial notice of these public records under FRE 201.

[55] Co. Rev. Stat. § 7-90-202(3).

[56] *Id.* at § 7-90-202(4).

[57] *See* FED. R. CIV. P. 15(a)(3).

[58] ECF No. 143.

[59] ECF No. 146.

Henderson named Colten Metals as a defendant in her original complaint[60] and served that entity through what she claimed was its resident agent, CBH Consulting, LLC.[61] Colten did not answer or challenge service. Instead, Mr. Stapleton states that he advised Henderson's attorney in writing in February 2017 that Colten's correct resident agent had not been served.[62] Henderson then moved for[63] and obtained a clerk's entry of default against Colten in April 2017.[64] Henderson does not address Colten's argument that CBH Consulting, LLC was not authorized to accept service on Colten's behalf.[65] Colten's argument that CBH Consulting, LLC is not its resident agent is supported by the records that are available for public inspection on the Wyoming Secretary of State's website for this entity.[66]

The problem with Colten's motion, however, is that it is in default.[67] Rule 55(c) authorizes district courts to "set aside an entry of default for good cause . . . ." I find that good cause exists here because I cannot conclude on this record that Colten was properly served with process. I therefore construe Colten's motion to dismiss under FRCP 4(m) as a request to set aside default under FRCP 55, grant that request, and instruct the Clerk of Court to set aside the default that was entered against Colten. I give Henderson 30 days to properly serve Colten. Within 30 days of filing her second amended complaint, Henderson must serve, obtain a waiver

---

[60] ECF No. 1 at 5, ¶ 13.

[61] *See* ECF No. 21 at 2.

[62] ECF No. 143 at 3:8–10.

[63] ECF No. 139.

[64] ECF No. 140.

[65] *See* ECF No. 146.

[66] Statement of Change by Registered Agent, attached as Appendix C (filed May 17, 2013, and stating that Colten's resident agent, at least since May 2013, is Frontier Registered Agency Services, LLC, located at 2120 Carey Ave., Cheyenne, WY 82001). I take judicial notice of this public record under FRE 201.

[67] ECF No. 140.

or acceptance of service, or move the court for leave to serve Colten by alternate means.  I deny Colten's motion in all other respects.

**C.      Appeal from Magistrate Judge's order denying leave to specially appear**

Northstar Global BT, Odin Statutory Trust, Colindo Trust, and Bob Creek Trust each moved to quash service.[68]  Finding that these trusts had been properly served with process, Magistrate Judge Hoffman denied their motions.[69]  The trusts then moved to appear specially for the purpose of challenging the sufficiency of service of process by moving the magistrate judge to reconsider his order denying the trusts' motions to quash service.[70]  Magistrate Judge Hoffman denied that motion on the bases that the trusts had already unsuccessfully challenged service and had not provided any new evidence to suggest that reconsideration was warranted.[71]  The trusts now appeal from that order denying their motion to appear specially.[72]

"A district court judge may reconsider any pretrial matter referred to a magistrate in a civil . . . case under LR IB 1-3, when it has been shown [that] the magistrate judge's order is clearly erroneous or contrary to law."[73]  "Any party wishing to object to the magistrate judge's order on a pretrial matter must file and serve specific written objections. . . . [within] 14 days after service of the order."[74]  "The district judge may affirm, reverse, or modify, in whole or in part, the magistrate judge's order."[75]

---

[68] ECF Nos. 55, 58, 62, 64.

[69] ECF No. 90.

[70] ECF No. 111.

[71] ECF No. 126.

[72] ECF No. 136.

[73] L.R. IB 3-1(a).

[74] *Id.*

[75] *Id.* at 3-1(b).

The motion for leave to specially appear is a convoluted document in which the trusts appeared to seek various forms of relief. I begin with their request for leave to specially appear for the purpose of challenging service of process (i.e., jurisdiction). The magistrate judge's decision to decline this request was neither clearly erroneous nor contrary to law for two reasons. First, special appearances are not a thing anymore. "The technical distinctions between general and special appearances" for the purpose of challenging jurisdiction in federal court were "abolished" over half a century ago.[76] Second, Magistrate Judge Hoffman had already found that the trusts had been properly served with process when he denied their motions to quash service. The proper procedure for the trusts to challenge that decision was to move the magistrate judge to reconsider,[77] and Magistrate Judge Hoffman properly interpreted the trusts' motion as doing just that. It appears that the trusts simultaneously moved for reconsideration and for leave to specially appear for the purpose of filing a motion for reconsideration.

"A party seeking reconsideration" of an interlocutory order "must state with particularity the points of law or fact that the court has overlooked or misunderstood."[78] Finding that the trusts had not provided any "new evidence to suggest a reconsideration" is warranted, the magistrate judge denied their motion.[79] Respectfully, I disagree. The trusts argued that the magistrate judge had overlooked the proof that Henderson filed regarding service on Frank Finnerty in his capacity as trustee for the Colindo Trust and the Bob Creek Trust.[80] In denying the trusts' motions to quash service, the magistrate judge stated—correctly—that "[d]efendants

---

[76] *McGarr v. Hayford*, 52 F.R.D. 219, 221 (C.D. Cal. 1971) (citing *Bjorgo v. Weerden*, 342 F.2d 558 (7th Cir. 1971)); *accord Republic Int'l Corp. v. Amco Engineers, Inc.*, 516 F.2d 161, 164–65 (9th Cir. 1975).

[77] Alternatively, the trusts could have appealed from that decision under LR IB 1-3.

[78] L.R. 59-1.

[79] ECF No. 126.

[80] *See* ECF No. 111 at 11–12.

do not argue that Hughes and Finnerty were not personally served . . . ."[81]  The proof that Henderson filed, however, does not reflect that Finnerty was personally served with process.  For Finnerty as trustee of the Colindo Trust, Henderson's proof shows that summons and a copy of the original complaint was served on "Bob Hughes" in his capacity as "officer, managing agent, or general agent" of "Colindo, Ltd.," the alleged "managing agent of the Colindo Trust."[82]  For Finnerty as trustee of the Bob Creek Trust, Henderson's proof shows that summons and a copy of the original complaint was served on "Bob Hughes" in his capacity as "officer, managing agent, or general agent" of "BCT Holdings, LLC," the alleged "managing agent of the Bob Creek Trust."[83]  Henderson filed proof that she also mailed the summonses and copies of the original complaint to Finnerty as trustee of the Colindo Trust and Bob Creek Trust,[84] but that is neither personal nor proper service under these circumstances.

I cannot determine on this record that Colindo, Ltd. had authority to accept service on behalf of the Colindo Trust.  Nor can I determine on this record that BCT Holdings, LLC had authority to accept service on behalf of the Bob Creek Trust.  And there is nothing in the record showing that the trustee for these trusts—Finnerty—was personally served with process.  I therefore sustain the trusts' objections in part: I reverse the portion of the magistrate judge's order denying reconsideration on the issue of the sufficiency of service on Finnerty in his capacities as trustee of the Colindo Trust and the Bob Creek Trust.  I overrule the trusts' other objections and affirm the magistrate judge's order in all other respects.

In light of these service issues, I direct the Clerk of Court to set aside the default that was entered against Finnerty in his capacity as trustee of the Colindo Trust and the Bob Creek Trust.[85]

---

[81] ECF No. 90 at 1.

[82] ECF No. 48 at 3 (emphasis omitted).

[83] ECF No. 49 at 3 (emphasis omitted).

[84] ECF No. 50; ECF No. 50-1 at 2.

[85] ECF No. 128.

I give Henderson 30 days to properly serve Finnerty in his capacity as trustee of the Colindo Trust and the Bob Creek Trust. Within 30 days of filing her second amended complaint, Henderson must serve, obtain waivers or acceptance of service, or move the court for leave to serve by alternate means.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

- Cheryl Beth Hughes's motion to dismiss **[ECF No. 99] is GRANTED**. Henderson is granted leave to amend her complaint if she can sufficiently state a plausible claim for declaratory relief against Cheryl. Henderson does not have leave to add additional claims against Cheryl or to add other parties.

- Northstar Global BT's and Odin Statutory Trust's motions to dismiss **[ECF Nos. 101, 103] are DENIED**.

- Thomas Robert Hughes's motion to dismiss **[ECF No. 107] is GRANTED in part**: Henderson's claim for alter-ego liability is **DISMISSED**. Henderson is granted leave to amend her complaint if she can sufficiently state a plausible alter-ego claim against one or any of the alleged alter-ego defendants. Henderson does not have leave to add additional claims against the alleged alter-ego defendants or to add other parties. Thomas Robert Hughes's motion is denied in all other respects.

- Thomas Robert Hughes's amended motion to dismiss **[ECF No. 129] is DENIED**.

- Colindo Minerals, LLC's motion to dismiss **[ECF No. 134] is DENIED**.

- Lake W Holdings, LLC's motion to dismiss **[ECF No. 135] is DENIED**. However, Henderson is granted leave to amend her complaint to replace "Lake W Holdings, Inc." with "Lake W Holdings, LLC." Henderson does not have leave to add additional claims against Lake W Holdings, LLC or to add other parties.

- Colten Metals, LLC's motion to dismiss **[ECF No. 143] is GRANTED in part**: I construe the motion as one seeking to set aside default and grant that request. **The Clerk of Court is instructed to set aside the default that was entered against Colten Metals, LLC [ECF No. 140].** I deny Colten Metals, LLC's motion in all other respects.

- Northstar Global BT, Odin Statutory Trust, Colindo Trust, and Bob Creek Trust's objections to magistrate judge's order **[ECF No. 136] are SUSTAINED in part:** I **REVERSE** the portion of the magistrate judge's order [ECF No. 126] denying reconsideration on the issue of the sufficiency of service on Finnerty in his capacities as trustee of the Colindo Trust and the Bob Creek Trust. **I direct the Clerk of Court to set aside the default that has been entered against the Colindo Trust and the Bob Creek Trust [ECF No. 128].** I overrule the trusts' other objections and affirm the magistrate's order in all other respects.

- Henderson has 10 days to file her second amended complaint. Once that second amended complaint is filed, she has 30 days to serve it on Colten Metals, LLC and Finnerty in his capacity as trustee of the Colindo Trust and the Bob Creek Trust, or to obtain waivers of service by these parties or move the court for permission to serve by alternate means; service on all other parties must be made under FRCP 5.

DATED: May 9, 2017.

_____
Jennifer A. Dorsey
United States District Judge

**Appendix A**
Articles of Amendment, Colorado Secretary of State

**E-Filed**

Colorado Secretary of State
Date and Time: 12/08/2009 01:21 PM
ID Number: 20041403520

Document number: 20091639635
Amount Paid: $25.00

Document processing fee
  If document is filed on paper                     $125.00
  If document is filed electronically           **$ 25.00**
Fees & forms/cover sheets
  are subject to change.
To file electronically, access instructions
  for this form/cover sheet and other
  information or print copies of filed
  documents, visit www.sos.state.co.us
  and select Business Center.
Paper documents must be typewritten or machine printed.

ABOVE SPACE FOR OFFICE USE ONLY

## Articles of Amendment
filed pursuant to §7-90-301, et seq. and §7-110-106 of the Colorado Revised Statutes (C.R.S.)

ID number:                      20041403520

1. Entity name:               BCT Capital, Inc.

   *(If changing the name of the corporation, indicate name BEFORE the name change)*

2. New Entity name:        Lake W Holdings, Inc.
   (if applicable)

3. Use of Restricted Words *(if any of these terms are contained in an entity name, true name of an entity, trade name or trademark stated in this document, mark the applicable box)*:

   ☐ "bank" or "trust" or any derivative thereof
   ☐ "credit union"      ☐ "savings and loan"
   ☐ "insurance", "casualty", "mutual", or "surety"

4. Other amendments, if any, are attached.

5. If the amendment provides for an exchange, reclassification or cancellation of issued shares, the attachment states the provisions for implementing the amendment.

6. If the corporation's period of duration as amended is less than perpetual, state the date on which the period of duration expires:
   _____
   *(mm/dd/yyyy)*

   **OR**

   If the corporation's period of duration as amended is perpetual, mark this box:      ☑

7. *(Optional)*  Delayed effective date:      _____
   *(mm/dd/yyyy)*

Notice:

Causing this document to be delivered to the secretary of state for filing shall constitute the affirmation or acknowledgment of each individual causing such delivery, under penalties of perjury, that the document is the individual's act and deed, or that the individual in good faith believes the document is the act and deed of the person on whose behalf the individual is causing the document to be delivered for filing, taken in conformity with the requirements of part 3 of article 90 of title 7, C.R.S., the constituent documents, and the organic statutes, and that the individual in good faith believes the facts stated in the document are true and the document complies with the requirements of that Part, the constituent documents, and the organic statutes.

This perjury notice applies to each individual who causes this document to be delivered to the secretary of state, whether or not such individual is named in the document as one who has caused it to be delivered.

8. Name(s) and address(es) of the individual(s) causing the document to be delivered for filing:

| Hughes | T.R. | | |
|--------|------|--------|--------|
| *(Last)* | *(First)* | *(Middle)* | *(Suffix)* |

13618 N. 99th Avenue
*(Street name and number or Post Office information)*

#911

| Sun City | AZ | 85351 |
|----------|-----|-------|
| *(City)* | *(State)* | *(Postal/Zip Code)* |

| | United States |
|--|---------------|
| *(Province – if applicable)* | *(Country – if not US)* |

*(The document need not state the true name and address of more than one individual. However, if you wish to state the name and address of any additional individuals causing the document to be delivered for filing, mark this box ☐ and include an attachment stating the name and address of such individuals.)*

**Disclaimer:**

This form, and any related instructions, are not intended to provide legal, business or tax advice, and are offered as a public service without representation or warranty. While this form is believed to satisfy minimum legal requirements as of its revision date, compliance with applicable law, as the same may be amended from time to time, remains the responsibility of the user of this form. Questions should be addressed to the user's attorney.

**Appendix B**
**Statement of Conversion, Colorado Secretary of State**

Document must be filed electronically.
Paper documents will not be accepted.
  Document processing fee
Fees & forms/cover sheets
  are subject to change.
To access other information or print
  copies of filed documents,
  visit www.sos.state.co.us and
  select Business Center.



Colorado Secretary of State
Date and Time: 01/03/2011 02:24 PM
ID Number: 20041403520

$50.00

Document number: 20111002927
Amount Paid: $100.00

ABOVE SPACE FOR OFFICE USE ONLY

# Statement of Conversion

filed pursuant to § 7-90-201.7 (3) of the Colorado Revised Statutes (C.R.S.)

1. For the <u>converting</u> entity, its ID number (if applicable), entity name or true name, form of entity, jurisdiction under the law of which it is formed, and principal address are

ID number      <u>20041403520</u>
*(Colorado Secretary of State ID number)*

Entity name or true name      Lake W Holdings, Inc.

Form of entity      Corporation

Jurisdiction      Colorado

<u>Street</u> address      13614 N. 99th Avenue
*(Street number and name)*

#911

Sun City      AZ   85351
*(City)*      *(State)*      *(ZIP/Postal Code)*

United States

*(Province – if applicable)*      *(Country)*

<u>Mailing</u> address
(**leave blank** if same as street address)
*(Street number and name or Post Office Box information)*

*(City)*      *(State)*      *(ZIP/Postal Code)*

*(Province – if applicable)*      *(Country)*.

2. The entity name of the <u>resulting</u> entity is Lake W Holdings LLC .

   (***Caution:*** *The use of certain terms or abbreviations are restricted by law.  Read instructions for more information.*)

3. The converting entity has been converted into the resulting entity pursuant to section 7-90-201.7, C.R.S.

4. *(If applicable, adopt the following statement by marking the box and include an attachment.)*
   ☐ This document contains additional information as provided by law.

5. *(Caution: <u>Leave blank</u> if the document does not have a delayed effective date. Stating a delayed effective date has significant legal consequences. Read instructions before entering a date.)*

*(If the following statement applies, adopt the statement by entering a date and, if applicable, time using the required format.)*
The delayed effective date and, if applicable, time of this document are _____.

*(mm/dd/yyyy hour:minute am/pm)*

**Notice:**

Causing this document to be delivered to the Secretary of State for filing shall constitute the affirmation or acknowledgment of each individual causing such delivery, under penalties of perjury, that such document is such individual's act and deed, or that such individual in good faith believes such document is the act and deed of the person on whose behalf such individual is causing such document to be delivered for filing, taken in conformity with the requirements of part 3 of article 90 of title 7, C.R.S. and, if applicable, the constituent documents and the organic statutes, and that such individual in good faith believes the facts stated in such document are true and such document complies with the requirements of that Part, the constituent documents, and the organic statutes.

This perjury notice applies to each individual who causes this document to be delivered to the Secretary of State, whether or not such individual is identified in this document as one who has caused it to be delivered.

6. The true name and mailing address of the individual causing this document to be delivered for filing are

| Hughes | T.R. | | |
|---|---|---|---|
| *(Last)* | *(First)* | *(Middle)* | *(Suffix)* |

13614 N. 99th Avenue
*(Street number and name or Post Office Box information)*

#911

| Sun City | AZ | 85351 |
|---|---|---|
| *(City)* | *(State)* | *(ZIP/Postal Code)* |

United States .

| | *(Country)* |
|---|---|
| *(Province – if applicable)* | |

*(If applicable, adopt the following statement by marking the box and include an attachment.)*
☐ This document contains the true name and mailing address of one or more additional individuals causing the document to be delivered for filing.

**Disclaimer:**

This form/cover sheet, and any related instructions, are not intended to provide legal, business or tax advice, and are furnished without representation or warranty. While this form/cover sheet is believed to satisfy minimum legal requirements as of its revision date, compliance with applicable law, as the same may be amended from time to time, remains the responsibility of the user of this form/cover sheet. Questions should be addressed to the user's legal, business or tax advisor(s).

Document must be filed electronically.
Paper documents will not be accepted.
 Document processing fee
Fees & forms/cover sheets
 are subject to change.
To access other information or print
 copies of filed documents,
 visit www.sos.state.co.us and
 select Business Center.



Colorado Secretary of State
Date and Time: 01/03/2011 02:24 PM
ID Number: 20041403520

$50.00      Document number: 20111002927
            Amount Paid: $100.00

ABOVE SPACE FOR OFFICE USE ONLY

# Articles of Organization
filed pursuant to § 7-80-203 and § 7-80-204 of the Colorado Revised Statutes (C.R.S.)

1. The domestic entity name of the limited liability company is

### Lake W Holdings LLC
.

*(The name of a limited liability company must contain the term or abbreviation "limited liability company", "ltd. liability company", "limited liability co.", "ltd. liability co.", "limited", "l.l.c.", "llc", or "ltd.". See §7-90-601, C.R.S.)*

*(Caution: The use of certain terms or abbreviations are restricted by law. Read instructions for more information.)*

2. The principal office address of the limited liability company's initial principal office is

<u>Street</u> address

### 13614 N. 99th Avenue
*(Street number and name)*

#911

Sun City                                AZ    85351
*(City)*                              *(State)*   *(ZIP/Postal Code)*
                              United States
*(Province – if applicable)*          *(Country)*

<u>Mailing</u> address
(**leave blank** if same as street address)

_____
*(Street number and name or Post Office Box information)*

_____

_____   _____   _____
*(City)*              *(State)*   *(ZIP/Postal Code)*

_____   _____.
*(Province – if applicable)*   *(Country)*

3. The registered agent name and registered agent address of the limited liability company's initial registered agent are

Name
 (if an individual)

_____  _____  _____  _____
*(Last)*        *(First)*      *(Middle)*     *(Suffix)*

**OR**

 (if an entity)

### CBH Consulting LLC

*(Caution: Do not provide both an individual and an entity name.)*

<u>Street</u> address

### 1208 Lindenwood Drive
*(Street number and name)*

_____

Fort Collins                           CO    80524
*(City)*                              *(State)*   *(ZIP Code)*

Mailing address

**(leave blank** if same as street address)

_____

*(Street number and name or Post Office Box information)*

_____

_____ CO _____.

*(City)*         *(State)*         *(ZIP Code)*

*(The following statement is adopted by marking the box.)*

☑ The person appointed as registered agent has consented to being so appointed.

4. The true name and mailing address of the person forming the limited liability company are

Name

   (if an individual)

| Hughes | T.R. | | |
|---|---|---|---|
| *(Last)* | *(First)* | *(Middle)* | *(Suffix)* |

**OR**

   (if an entity) _____

*(**Caution:** Do not provide both an individual and an entity name.)*

Mailing address

13614 N. 99th Avenue
_____

*(Street number and name or Post Office Box information)*

#911
_____

| Sun City | AZ | 85351 |
|---|---|---|
| *(City)* | *(State)* | *(ZIP/Postal Code)* |

_____ United States .

*(Province – if applicable)*      *(Country)*

*(If the following statement applies, adopt the statement by marking the box and include an attachment.)*

☐ The limited liability company has one or more additional persons forming the limited liability company and the name and mailing address of each such person are stated in an attachment.

5. The management of the limited liability company is vested in

*(Mark the applicable box.)*

☑ one or more managers.

**OR**

☐ the members.

6. *(The following statement is adopted by marking the box.)*

☑ There is at least one member of the limited liability company.

7. *(If the following statement applies, adopt the statement by marking the box and include an attachment.)*

☐ This document contains additional information as provided by law.

8. *(**Caution:** Leave blank if the document does not have a delayed effective date. Stating a delayed effective date has significant legal consequences. Read instructions before entering a date.)*

*(If the following statement applies, adopt the statement by entering a date and, if applicable, time using the required format.)*

The delayed effective date and, if applicable, time of this document is/are _____.

*(mm/dd/yyyy hour:minute am/pm)*

**Notice:**

Causing this document to be delivered to the Secretary of State for filing shall constitute the affirmation or acknowledgment of each individual causing such delivery, under penalties of perjury, that the document is the individual's act and deed, or that the individual in good faith believes the document is the act and deed of the person on whose behalf the individual is causing the document to be delivered for filing, taken in conformity with the requirements of part 3 of article 90 of title 7, C.R.S., the constituent documents, and the organic statutes, and that the individual in good faith believes the facts stated in the document are true and the document complies with the requirements of that Part, the constituent documents, and the organic statutes.

This perjury notice applies to each individual who causes this document to be delivered to the Secretary of State, whether or not such individual is named in the document as one who has caused it to be delivered.

9. The true name and mailing address of the individual causing the document to be delivered for filing are

| Hughes | T.R. | | |
|---|---|---|---|
| *(Last)* | *(First)* | *(Middle)* | *(Suffix)* |

13614 N. 99th Avenue
*(Street number and name or Post Office Box information)*

#911

| Sun City | AZ | 85351 |
|---|---|---|
| *(City)* | *(State)* | *(ZIP/Postal Code)* |

| | United States . |
|---|---|
| *(Province – if applicable)* | *(Country)* |

*(If the following statement applies, adopt the statement by marking the box and include an attachment.)*

☐ This document contains the true name and mailing address of one or more additional individuals causing the document to be delivered for filing.

**Disclaimer:**

This form/cover sheet, and any related instructions, are not intended to provide legal, business or tax advice, and are furnished without representation or warranty. While this form/cover sheet is believed to satisfy minimum legal requirements as of its revision date, compliance with applicable law, as the same may be amended from time to time, remains the responsibility of the user of this form/cover sheet. Questions should be addressed to the user's legal, business or tax advisor(s).

**Appendix C**
**Statement of Conversion, Wyoming Secretary of State**



**Wyoming Secretary of State**
State Capitol Building, Room 110
200 West 24th Street
Cheyenne, WY 82002-0020
Ph. 307.777.7311
Fax 307.777.5339
Email: Business@wyo.gov

**Max Maxfield, WY Secretary of State**
FILED: 05/17/2013 10:18 AM
Global Amendment ID: 3891
Affected Entities: 8378

# Statement of Change by Registered Agent

1. This change affects <u>every</u> entity that I represent. (If not, please contact our office.)

2. Name of current registered agent and physical address of current registered office:

Current Registered Agent: | FRONTIER REGISTERED AGENCY SERVICES LLC

Current Registered Office: | 2120 Carey Ave Ste 300
Cheyenne, WY 82001

3. New name of registered agent (if applicable) and physical address of <u>new</u> registered office (if applicable):

New Name of Registered Agent: | Not applicable
*For consistency the Secretary of State's Office will only keep one version of the agent's name on file.*

New Registered Office: | 2120 Carey Ave, Cheyenne, WY 82001

4. I hereby certify that I am in compliance with all requirements of W.S. 17-28-101 through W.S. 17-28-111.

5. After the changes are made, the physical address of my registered office and business office will be identical.

6. I hereby certify that every entity I represent has been notified of my name/office change.

Signature: _Tammy M. Molina_                    Date: | 05/15/2013
*(shall be executed by the registered agent)*                    *(mm/dd/yyyy)*

Print Name: | Tammy M. Molina          Contact Person: | Jeremy W. Bouchard

Title: | Vice President          Daytime Phone: | (307) 632-1103

Email: | info@wyoregisteredagent.com

---

Checklist
☐ If you are a Commercial Registered Agent, changes noted on this form shall also be reflected on your Commercial Registered Agent form.
☐ **Filing Fee:** Nonprofit Corporation - $3.00 (by statute); All other business entities - No Fee
☐ Please submit one **originally signed** document and one exact photocopy of the filing.
☐ **Please review form prior to submitting to the Secretary of State to ensure all areas have been completed to avoid a delay in the processing of your documents.**

RA-RO ChangeByRA –11/2012

# STATE OF WYOMING ✴ SECRETARY OF STATE
# MAX MAXFIELD
# BUSINESS DIVISION
200 West 24th Street, Cheyenne, WY 82002-0200
Phone 307-777-7311 · Fax 307-777-5339
Website: http://soswy.state.wy.us · Email: business@wyo.gov

## Global Amendment Summary

**Global Amendment ID:** 3891

**Amendment Type:** RA Address Change

**Amendment Date:** 05/17/2013 10:18 AM

**Copy To Mailing:** N

**Copy To Principal:** N

**Affected Entities:** 8378

**Agent Name:** FRONTIER REGISTERED AGENCY SERVICES LLC

**Address:** 2120 Carey Ave
Cheyenne, WY 82001

| Field Name | Changed From | Changed To |
|---|---|---|
| Registered Agent Physical Address 1 | 2120 Carey Ave Ste 300 | 2120 Carey Ave |

# Global Amendment Summary

## Affected Entities -Active

| Filing ID | Type | Name | Status |
|-----------|------|------|--------|
| 1999-000346184 | Limited Liability Company | Hilconti Investments LLC | Active |
| 2013-000640272 | Statutory Trust | HIM 515 Statutory Trust | Active |
| 1995-000300110 | Limited Liability Company | Holdings Management LLC | Active |
| 2009-000575219 | Profit Corporation | Home Accents Alliance Inc. | Active |
| 2013-000643458 | Limited Liability Company | HONEST PARTNER LLC | Active |
| 2012-000620647 | Limited Liability Company | Hospitality Solutions Holdings LLC | Active |
| 2012-000620650 | Limited Liability Company | Hospitality Solutions LLC | Active |
| 2009-000573374 | Profit Corporation | HP Fiduciary Management Corp. | Active |
| 2008-000553331 | Limited Liability Company | HSE Solutions Consulting (LLC) Limited | Active |
| 1994-000296226 | Profit Corporation | Hubbard Properties, Inc. | Active |
| 2009-000565800 | Limited Liability Company | Huckleberry Investments III LLC | Active |
| 2008-000558342 | Limited Liability Company | HUCKLEBERRY INVESTMENTS LLC | Active |
| 2009-000572889 | Limited Liability Company | Hummingbird Fiduciary Management LLC | Active |
| 2002-000440859 | Limited Liability Company | Huntington (USA), LLC | Active |
| 2010-000581713 | Limited Liability Company | HYDRA LLC | Active |
| 2008-000552454 | Limited Liability Company | IDAHO HANGARS LLC | Active |
| 2012-000632540 | Limited Liability Company | Immigrant's Challenge LLC | Active |
| 2012-000630849 | Limited Liability Company | IMOBILIARE, LLC | Active |
| 1999-000341788 | Limited Liability Company | Inet (Llc) Limited | Active |
| 2009-000572779 | Limited Liability Company | Infinity Assets, LLC | Active |
| 2007-000545560 | Limited Liability Company | INKAB CONSULTING LLC | Active |
| 2005-000489943 | Profit Corporation | Innernet Communications | Active |
| 2004-000478724 | Limited Liability Company | Inter-European Trading L.L.C. | Active |
| 1993-000283270 | Limited Liability Company | Interfund Management Limited Liability Company | Active |
| 2002-000435649 | Limited Liability Company | Inter-Lex LLC | Active |
| 2001-000419587 | Profit Corporation | Intermed, Inc. | Active |
| 2000-000401213 | Limited Liability Company | International Excellence (Llc) Limited | Active |
| 1992-000275150 | Limited Liability Company | International Nominees (LLC) Limited | Active |
| 2004-000466229 | Limited Liability Company | International Top Star Promotions LLC | Active |
| 2004-000469086 | Limited Liability Company | International Trading & Consulting LC | Active |
| 2011-000598859 | Profit Corporation | INTERSTATE UTILITY SERVICES, INC. | Active |
| 2007-000544853 | Limited Liability Company | IRIS CONSULTING LLC | Active |
| 2013-000641984 | Limited Liability Company | ISIDE LLC | Active |
| 2009-000573815 | Limited Liability Company | Iso LLC | Active |
| 2007-000545432 | Limited Liability Company | IURIS ARGUMENTUM CONSULTANTS LLC | Active |
| 1999-000343256 | Profit Corporation | Izzo Insurance Services, Inc. | Active |
| 1991-000269731 | Limited Liability Company | J & G of Colorado Springs Ltd. Liability Company | Active |
| 1996-000316612 | Limited Liability Company | J Bar J Ranch, LLC | Active |
| 2001-000416516 | Limited Liability Company | J C A Trading (Llc) Limited | Active |
| 2010-000594617 | Profit Corporation | J. Chambless, Inc. | Active |

# Global Amendment Summary

## Affected Entities -Active

| Filing ID | Type | Name | Status |
|---|---|---|---|
| 2012-000633185 | Limited Liability Company | PM Farming LLC | Active |
| 2008-000564092 | Limited Liability Company | PML, LLC | Active |
| 1997-000328055 | Limited Liability Company | Poole Slough Partners LLC | Active |
| 2012-000628952 | Limited Liability Company | POSEIDON LLC | Active |
| 1997-000319298 | Limited Liability Company | Poseidon Power Production (PPP) LLC | Active |
| 2009-000576193 | Limited Liability Company | Prairie Inn Motel LLC | Active |
| 2010-000586607 | Profit Corporation | PREMIER FIDUCIARY SERVICES INC. | Active |
| 2012-000621737 | Limited Liability Company | Present Health Media LLC | Active |
| 2012-000622086 | Limited Liability Company | Preserve Casper II LLC | Active |
| 2011-000611065 | Limited Liability Company | Preserve Casper LLC | Active |
| 1998-000331644 | Limited Liability Company | Primex Limited Liability Company | Active |
| 1994-000290577 | Limited Liability Company | Primus Resources L.C. | Active |
| 1998-000331788 | Limited Liability Company | Principle Print & Design (Llc) Limited | Active |
| 2010-000582849 | Limited Liability Company | Pristine Properties LLC | Active |
| 2012-000630039 | Limited Liability Company | Privacy Apps, LLC | Active |
| 2009-000574125 | Profit Corporation | PRL Export, Inc. | Active |
| 2004-000479193 | Limited Liability Company | Procom LLC | Active |
| 1999-000349311 | Limited Liability Company | Prodema LLC | Active |
| 2003-000452592 | Profit Corporation | Professional Real Estate Inc. | Active |
| 2002-000437620 | Limited Liability Company | Project Technical Services (Llc) Limited | Active |
| 2011-000611511 | Limited Liability Company | PROPRIEDAD LLC | Active |
| 2004-000469426 | Limited Liability Company | Ptarmigan Acquisition LLC | Active |
| 2011-000598073 | Limited Liability Company | PUBLISHING SERVICES LLC | Active |
| 1983-000205356 | Profit Corporation | Puma Operating Corporation | Active |
| 2012-000615322 | Limited Partnership | Purdy Land (LOB) Limited Liability Limited Partnership | Active |
| 2003-000451146 | Limited Liability Company | QCH Nashville LLC | Active |
| 2009-000565541 | Limited Liability Company | QTE Fiduciary Management LLC | Active |
| 2004-000468746 | Limited Liability Company | Quad C, LLC | Active |
| 2003-000451137 | Limited Liability Company | Quanta Computer Nashville LLC | Active |
| 2003-000450035 | Limited Liability Company | Quanta Manufacturing Nashville LLC | Active |
| 2003-000451140 | Limited Liability Company | Quanta Service Nashville LLC | Active |
| 2009-000569846 | Profit Corporation | Quantitative Insights | Active |
| 2007-000533008 | Limited Liability Company | Quantum Capital LLC | Active |
| 2005-000494038 | Limited Liability Company | Quantum International LLC | Active |
| 1993-000285040 | Limited Liability Company | Quantum Management Limited Liability Company | Active |
| 1999-000347600 | Profit Corporation | Quantum Northwest | Active |
| 2008-000561439 | Limited Liability Company | QUEALY FIDUCIARY MANAGEMENT LLC | Active |
| 2004-000476310 | Limited Liability Company | Quintin Investments LLC | Active |
| 2004-000479510 | Limited Liability Company | R2D1 L.L.C. | Active |
| 2011-000597471 | Limited Liability Company | Rabbit Ear Ranch LLC | Active |