# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Elma Henderson, | 2:16-cv-01837-JAD-CWH |
| Plaintiff | **Order Re: Pending Motions** |
| v. | [ECF Nos. 158, 159, 162, 163, 164, 166, 167, 171, 172] |
| Thomas Robert Hughes, et al., | |
| Defendants | |

Over the last two weeks, attorney Frank Stapleton has filed six separate motions to dismiss and a motion to vacate a clerk-entered default on behalf of the various parties that he represents in this case.[1] These seven motions—which contain significantly duplicative and overlapping argument—take up 148 pages of briefing. The readability of those 148 pages is further compromised by counsel's failure to use proper pleading paper as LR IA 10-1(a)(1) requires, failure to indent and single-space block quotes as LR IA 10-1(a)(4) requires, and counsel's use of numbered paragraphs instead of standard argument-style prose with an identifiable memorandum of points and authorities as LR 7-2 (a) dictates. Five of the seven motions exceed the 24-page limit in LR 7-3(b).[2] And despite the difficulties caused by these non-rule-compliant filings, defense counsel refuses to grant plaintiff's counsel a reasonable extension of time to respond to these 148 pages, prompting a motion that seeks relief that should

---

[1] ECF No. 158 (Lake Holdings); ECF No. 162 (Hughes); ECF No. 163 (CBH Consulting, LLC, Colindo, Ltd., and BCT Holdings LLC); ECF No. 164 (Colton Metals); ECF No. 166 (Mission Mining and Western Gold); ECF No. 167 (Northstar Global BT and Odin Statutory Trust); ECF No. 171 (Colindo Trust).

[2] ECF No. 158 (28 pages); ECF No. 162 (27 pages); ECF No. 164 (28 pages); ECF No. 166 (26 pages). Defendants did not seek or receive permission to exceed the page limits set by the local rule.

have been afforded as a minor professional courtesy.[3]

"It is well established that district courts have inherent power to control their docket."[4] "This includes the power to strike items from the docket as a sanction for litigation conduct."[5] And LR IA 10-1(d) expressly permits the court to "strike any document that does not conform" with the rules.

I find that these filings do not comply with the local rules and have been prepared and filed in an abusive manner that wastes parties' and judicial resources. To streamline the motion process, and based on this court's inherent powers and those granted by the local rules, IT IS HEREBY ORDERED THAT:

- The motions to dismiss filed by Mr. Stapleton on behalf of his jointly represented clients in this case **ECF Nos. 158, 159, 162, 163, 164, 166, 167, and 171 are hereby STRICKEN FROM THE DOCKET;**

- **Mr. Stapleton has until July 7, 2017, to file a SINGLE motion to dismiss on behalf of all of his clients collectively. Separate motions to dismiss may not be filed.** Because the court finds that some additional pages to accommodate all of the clients' arguments into this single motion may be reasonable, the court grants an enlargement of the page-limit restriction and will permit Mr. Stapleton **30 pages for that SINGLE motion to dismiss. No request for additional pages will be entertained**;

- **Mr. Stapleton also has until July 7, 2017, to file a new motion to vacate the clerk's entry of default against Northstar Global BT and Odin Statutory Trust. That motion may not exceed 24 pages and must comply with the other local rules**;

---

[3] ECF No. 172.

[4] *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (quoting *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998)).

[5] *Id*.

2

- Because this streamlining should alleviate the plaintiff's need for additional time to respond to the only other defense motion that remains pending and unaffected by this order (Hughes's pro per motion to dismiss at ECF No. 168), plaintiff's motion for extension to respond to pending motions **[ECF No. 172] is DENIED as moot.**

DATED: June 21, 2017

                                                                                 _____
                                                                                 Jennifer A. Dorsey
                                                                                 United States District Judge