**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Elma Henderson, | 2:16-cv-01837-JAD-CWH |
| Plaintiff | **Order Denying Motion to Reconsider** |
| v. | [ECF Nos.178, 179] |
| Thomas Robert Hughes, et al., | |
| Defendants | |

On June 21, 2017, I issued an order striking oversized, duplicative, and overlapping motions filed by attorney Frank Stapleton on behalf of the defendants, and I gave him until July 7, 2017, to consolidate his arguments into two new motions: (1) a joint motion to dismiss no larger than 30 pages; and (2) a motion to vacate the clerk's entry of default against Northstar Global BT and Odin Statutory Trust no larger than 24 pages.[1]  Instead of streamlining the filings, defendants filed on July 7, 2017, a motion to reconsider and vacate my order, arguing that the order is unfair and that, if the court counts the number of lines instead of pages, the now-stricken briefs were actually within the court's brief-size limits.[2]

Having carefully considered the entirety of the defendants' motion for reconsideration, I do not find that reconsideration is appropriate.[3]  I am not persuaded by defendants' argument that the oversized briefs are not oversized if I apply an "amount of content/number of line" test. There is no such test for brief size in this district.  Local rules LR IA 10-1(a) and LR 7-3(a) limit motions to dismiss to 24 pages of 12-point font, with no more than 28 double-spaced lines of text

---

[1] ECF No. 174.

[2] ECF Nos. 178, 179.  The motion to reconsider was accompanied by a motion for leave to file it. Leave to file the motion for reconsideration is not required, so I deny the motion for leave to file the motion for reconsideration (ECF No. 178) as unnecessary.

[3] LR 59-1(a).

and inch-wide margins on all sides. The court counts pages; it does not recalculate the content to see if it could theoretically fit on fewer pages had it only been formatted differently.

And I strongly disagree that the various defendants' arguments cannot be constrained into the page limits provided by my June 21, 2017, order. I issued that order only after examining the nature of the defendants' filings in the first place and assessing, based on my experience of writing, reading, and resolving hundreds of motions to dismiss, the real space needs for non-repetitive argument. Page limits are essential to the operation of the court. With thousands of pending cases and motions, district courts simply do not have the luxury of considering hundreds of pages of motions when dozens of pages will do. Nothing that the defendants state in their motion for reconsideration persuades me that additional pages are needed to succinctly argue their respective positions and fairly preserve their rights and positions.

Accordingly, IT IS HEREBY ORDERED that the Motion for Leave to File a Motion to Reconsider the Court's June 21, 2017, Order **[ECF No. 178] is DENIED**;

IT IS FURTHER ORDERED that the Motion to Reconsider the Court's June 21, 2017, Order **[ECF No. 179] is DENIED. But because the July 7, 2017, filing deadline has passed, that deadline [ECF No. 174] is extended to July 21, 2017, to allow the defendants additional time to properly streamline these filings as directed by the June 21, 2017, order.**

DATED: July 10, 2017.

_____
Jennifer A. Dorsey
United States District Judge