# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ELMA HENDERSON,

    Plaintiff,

v.

THOMAS ROBERT HUGHES, et al.,

    Defendants.

Case No. 2:16-cv-01837-JAD-CWH

**ORDER**

    Presently before the Court is Plaintiff Elma Henderson's motion for alternative service of process (ECF No. 170), filed on June 19, 2017. Defendant Thomas Robert Hughes filed a response (ECF No. 177) on July 5, 2017, and Plaintiff filed a reply (ECF No. 181) on July 12, 2017. With leave of the Court, Plaintiff filed a supplement to the motion (ECF No. 197) on August 11, 2017, and Defendant filed a response to the supplement (ECF No. 200) on August 20, 2017.

    Plaintiff moves for leave of the Court for alternative service of process of Defendant Frank A. Finnerty, in his capacity as trustee of Defendant trusts Colindo Trust and the Bob Creek Trust. Plaintiff has been unable to serve Mr. Finnerty and proposes that she be granted leave to serve Defendant Thomas Robert Hughes, in his capacity as an agent of Frank Finnerty. Mr. Hughes opposes the motion, arguing that since no one has been able to find Frank Finnerty, serving Mr. Hughes as a proxy or agent of Mr. Finnerty would not be reasonably calculated to provide effective notice of Plaintiff's claims. In her supplement, Plaintiff provides the Court with copies of notarized documents signed by Mr. Hughes which purport to name him as temporary successor trustee of the two trusts. Plaintiff argues that given Mr. Hughes' representations that he is now acting as the trustee of the trusts, that service on Mr. Hughes in place of Mr. Finnerty would be appropriate.

    Rule 4(e)(1) of the Federal Rules of Civil Procedure ("FRCP") provides that service may be accomplished on an individual, other than a minor, by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located and

where service is made." In Nevada, Rule 4 of the Nevada Rules of Civil Procedure ("NRCP") governs service of parties under state law. Rule 4 generally requires personal service of the summons and complaint upon individual defendants. However, service may also be completed by delivering a copy of the summons and complaint to "an agent authorized by appointment or by law to receive service of process." Nev. R. Civ. P. 4(d)(6). In the case of a business trust, the summons and complaint may be served on any trustee. Nev. R. Civ. P. 4(d)(1).

Alternately, "when the person on whom service is to be made resides out of the state, or has departed from the state, or cannot, after due diligence, be found within the state, or by concealment seeks to avoid the service or summons[,]" a court may allow for service to be completed by publication of the summons. Nev. R. Civ. P. 4(e)(1)(i).

A party seeking service by publication must seek leave of the court by filing an affidavit demonstrating due diligence in attempting to personally serve the defendant. In evaluating due diligence, courts look to several factors. See Price v. Dunn, 787 P.2d 785, 786-87 (Nev. 1990); Abreu v. Gilmer, 985 P.2d 746, 747 (Nev. 1999); McNair v. Rivera, 874 P.2d 1240, 1241 (Nev. 1994). There is no "objective, formulaic standard" for determining due diligence, but the Nevada Supreme Court has characterized the analysis as one measured by the quality of service efforts. Abreu, 985 P.2d at 749 ("Despite our previous decisions on this issue, we note that there is no objective, formulaic standard for determining what is, or what is not, due diligence. The due diligence requirement is not quantifiable by reference to the number of service attempts or inquiries into public records. Instead, due diligence is measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant.").

Here, Plaintiff attempted to serve Mr. Finnerty, but represents that she was unable to find a valid residential address, and that the only business address available is for a re-mailing service that does not allow for acceptance of service. Mr. Hughes represents that he does not have any further contact information for Mr. Finnerty (Pl's Ex. 2 at p. 6 (ECF No. 170-2)). Upon review of the circumstances, the Court finds that Plaintiff's efforts to serve Mr. Finnerty have been diligent. Plaintiff has provided copies of a notarized document which purports to name Thomas Robert

Hughes as temporary successor trustee of the two trusts (ECF No. 197-1). This document is not signed by Mr. Finnerty, only by Mr. Hughes. Given that Mr. Hughes represents that he does not know where Mr. Finnerty is or how to contact him, and that the document naming Hughes as trustee has not been signed by Mr. Finnerty, it is not clear that Mr. Hughes is a duly authorized agent of Mr. Finnerty or the trusts. The Court will therefore not grant Plaintiff leave to serve Mr. Finnerty through Mr. Hughes. However, given Plaintiff's diligence in attempting to serve Mr. Finnerty, the Court will allow service through publication.

Also before the Court is Plaintiff's motion for extension of scheduling order dates (ECF No. 199), filed on August 15, 2017. Defendants did not file a response. Plaintiff argues that discovery has been delayed by continuances of depositions and the pending motions to set aside defaults, which may alter the discovery required. Under Local Rule 7-2(d), the failure of an opposing party to file a response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion. The Court will therefore grant Plaintiff's motion to extend discovery.

//
//
//
//
//
//
//
//
//
//
//
//
//

3

IT IS THEREFORE ORDERED that Plaintiff's motion for alternative service of process (ECF No. 170) is GRANTED in part and DENIED in part.  Plaintiff may not serve Defendant Thomas Robert Hughes as agent of Defendant Frank Finnerty.  Plaintiff may serve Defendant Frank Finnerty by publication.

IT IS FURTHER ORDERED that, if she chooses to pursue service by publication, Plaintiff must file a proposed order providing a plan for service by publication consistent with Federal Rule of Civil Procedure 4(e)(1) and Nevada Rule of Civil Procedure 4(e)(1), accompanied by an affidavit of due diligence regarding her previous attempts to serve Mr. Finnerty.  The deadline for the proposed order is November 7, 2017.

IT IS FURTHER ORDERED that Plaintiff's motion for extension of scheduling order dates (ECF No. 199) is GRANTED.  The discovery deadlines in this case shall be as follows:

| | |
|---|---|
| Expert disclosures: | November 27, 2017 |
| Rebuttal expert disclosures: | December 27, 2017 |
| Amendments to pleadings: | January 2, 2018 |
| Close of discovery: | January 31, 2018 |
| Dispositive motions: | March 2, 2018 |
| Joint pre-trial order: | April 2, 2018 |

DATED: October 17, 2017.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge