Stephen K. Christiansen (Nev. Bar No. 11081)
311 S. State, Ste. 250
Salt Lake City, Utah 84111
Telephone: 801.716.7016
Facsimile: 801.716.7017
steve@skclawfirm.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA, SOUTHERN DIVISION

| | |
|---|---|
| ELMA HENDERSON, an individual, | |
| Plaintiff, | |
| vs. | **MOTION FOR EXTENSION OF SCHEDULING ORDER DATES** <br> **(Third Request)** |
| THOMAS ROBERT HUGHES a/k/a T.R. HUGHES a/k/a BOB HUGHES, individually and doing business as certain entities named herein and as putative trustee of NORTHSTAR GLOBAL BT and the ODIN STATUTORY TRUST; LAKE W HOLDINGS LLC; WESTERN GOLD COMPANY, LLC; COLINDO MINERALS, LLC; COLINDO, LTD.; FRANK A. FINNERTY, as putative trustee of the COLINDO TRUST and as putative trustee of the BOB CREEK TRUST; BCT HOLDINGS LLC; COLTEN METALS LLC; MISSION MINING COMPANY; CHERYL BETH HUGHES; CBH CONSULTING LLC; and DOES 1-100, | Case No. 2:16-cv-01837-JAD-CWH |
| Defendants. | |

Pursuant to Local Rules IA 6-1 and 26-4, plaintiff Elma Henderson moves the Court for a 90-day extension of current deadlines set forth in the Stipulated Discovery Plan and Scheduling Order (ECF No. 80) as extended by the Order of October 17, 2017 (ECF No. 202). This is the third such request, the Court having previously granted two extensions of 120 days and 90 days, respectively (ECF Nos. 154 & 202). The grounds are that the pleadings are not yet closed, key motions are pending, the defendant is not cooperating in discovery, and discovery is therefore just underway and subject to obstruction.

After threshold motions following the filing of the original complaint in August 2016, plaintiff filed an amended complaint in January 2017 clarifying allegations (for the defendants' benefit) and adding parties. Following motion practice directed to the amended complaint, the Court granted leave to the plaintiff to file a second amended complaint (ECF No. 153), which she did on May 19, 2017 (ECF No. 155). The defendants filed a series of responsive motions, most of which the Court struck and which the defendants then failed to re-file within the time allowed by the Court. Ancillary motions related to the defendants' ability to file out of time or to seek leave to set aside defaults are now pending as a result. (ECF Nos. 184-85.) Defendant T.R. Hughes' motion to dismiss is fully briefed and ready for a decision, with an attendant request by the plaintiff for oral argument. (ECF No. 168.) Plaintiff filed an *ex parte* motion seeking leave to effectuate alternative service on two remaining defendants (ECF No. 170), which the Court granted with instructions to submit a proposed publication order (ECF No. 202). That proposed order has now been submitted and awaits entry by the Court. (ECF No. 206.)

Meanwhile, plaintiff served comprehensive written discovery requests on Mr. Hughes, which were due in mid-September 2017, via his email address of record with the Court. He did not timely respond. Instead, he claimed not to have received the requests. Plaintiff's counsel

gave him an additional 30 days to respond. His responses at that time did not comply with the Court's rules, consisted largely of unmeritorious objections to the merits of the case, and failed to provide relevant information or any documents. Following a meet-and-confer session with plaintiff's counsel, Mr. Hughes promised to remedy the numerous deficiencies by November 13, 2017. That date came and went without compliance, and he has declined to respond to follow-up communications regarding the same. Plaintiff will therefore be required to seek the Court's assistance in obtaining basic discovery in this case, to be addressed in a forthcoming motion to compel.

Because issue has not yet been fully joined in the case by all parties, and because discovery is weighed down by the principal defendant's obstructive failure to cooperate, the current timeline is unworkable. Meanwhile, expert disclosures are due at the end of this month, with the plaintiff needing additional factual information from discovery to be able to identify and disclose appropriate experts.

Pursuant to Local Rule 26-4, plaintiff provides the following information relative to the status of discovery and the proposed extension:

(a) A statement specifying the discovery completed: To date, those parties who have answered the complaint and not defaulted have exchanged Initial Disclosures in accordance with Fed. R. Civ. P. 26(a)(1) and this Court's Scheduling Order as amended, and the plaintiff has served written discovery and taken the deposition of defendant Cheryl Hughes and a short deposition of a third party.

(b) A specific description of the discovery that remains to be completed: The parties still need to complete formal discovery, to include interrogatories, requests for production of documents, requests for admission, and depositions. One written set of discovery

directed to T.R. Hughes has been served but has not received a proper response despite multiple extensions. All other defendants are in default or are waiting to be served pursuant to entry of the pending order for alternative service via publication. (ECF No. 206.) Other discovery will be dependent on which defendants are allowed to appear in this case moving forward.

(c) The reason why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan: The commencement of discovery was originally continued to allow all parties to be fully in the case. The case involves claims of alter ego and joint liability between defendant T.R. Hughes and his companies. The interrelatedness of the companies calls for discovery of all relevant companies simultaneously. Mr. Hughes represents that he is the person with information regarding the same, yet he has refused to provide that information in discovery. A motion to compel will be required. Issue should be fully joined to identify the proper scope and subjects of discovery, and time will be needed to address the motion to compel and to obtain appropriate discovery thereafter. Plaintiff has proceeded with such discovery as she can under the circumstances while attempting to move the case forward in light of the defendants' numerous procedural motions and obstructionist approach to discovery.

(d) A proposed schedule for completing all remaining discovery: For the reasons stated above, plaintiff requests that the current amended scheduling order (ECF No. 202) be amended to reflect the following deadlines, which represent a 90-day extension from the current deadlines:

4

(1) Expert disclosures: February 26, 2018.

(2) Rebuttal expert disclosures: March 27, 2018.

(3) Pleading amendment: April 2, 2018

(4) Discovery deadline: May 1, 2018.

(5) Dispositive motions: May 31, 2018.

(6) Joint Pretrial Order: July 2, 2018.

For the reasons set forth above, good cause exists for the granting of this motion. This request is respectfully submitted.

DATED this 15th day of November, 2017.

STEPHEN K. CHRISTIANSEN, ATTORNEY AT LAW

By: /s/ Stephen K. Christiansen
Stephen K. Christiansen
*Attorney for Plaintiff*

Pursuant to Local Rule 7-2(d), this motion is granted as unopposed.

DATED: November 30, 2017

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of November, 2017, I caused a true and correct copy of the within and foregoing pleading to be served electronically upon all counsel and parties of record via the Court's CM/ECF system.

/s/ Stephen K. Christiansen