# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Elma Henderson, | Case No.: 2:16-cv-01837-JAD-CWH |
| Plaintiff | **Order Denying Motion to Dismiss, Denying Motions for Extension of Time, and Striking Unauthorized Motions** |
| v. | |
| Thomas Robert Hughes, et al., | [ECF Nos. 168, 184, 185, 186, 187] |
| Defendants | |

I gave plaintiff Elma Henderson leave to file a second amended complaint if she could cure the defects that I identified in her first-amended pleading.[1] Henderson filed her second amended complaint, alleging claims against Thomas Robert Hughes for breach of contract and fraudulent transfer and claims for alter-ego liability against several entities and trusts.[2] Hughes now moves to dismiss, arguing that alter ego is not a viable legal theory against a spendthrift trust in Nevada.[3] I deny Hughes's motion because he relies on matters outside the pleadings, which I decline to consider at this stage of the proceedings.

The other 12 defendants move to extend their time to file a joint motion to dismiss and a motion to set aside default.[4] Because the motions to extend were filed after the sought-to-be extended deadline expired, defendants were required to demonstrate that their failure to file was the result of excusable neglect. Defendants have not shown excusable neglect. So, I deny their motions to extend and strike their belatedly filed dismissal and set-aside motions.

---

[1] ECF No. 153 at 15.

[2] ECF No. 155 (second amended complaint).

[3] ECF No. 168.

[4] ECF Nos. 184, 186.

1

**Discussion**

**A.      Hughes's dismissal motion**

Hughes appears to argue that I should dismiss Henderson's alter-ego claim because alter ego is not a viable theory of liability against a spendthrift trust in Nevada.[5] Henderson, however, does not allege that any of the defendant trusts are spendthrift trusts. Hughes argues that exhibits attached to motions filed by other defendants show that they are, and he asks me to consider those documents in deciding his motion.[6] "In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."[7] A narrow exception exists where (1) "the complaint necessarily relies upon the document" or (2) "the contents of the document are alleged in the complaint, the document's authenticity is not in question[,]" and the document's relevance is not in dispute.[8] A court may also "take judicial notice of adjudicative facts 'not subject to reasonable dispute.'"[9] None of these exceptions applies to Hughes's exhibits, so I decline to consider them and deny his motion to dismiss.

**B.      Other defendants' motions to extend time**

The other 12 defendants—who are all represented by attorney Samuel Frank Stapleton—also moved to dismiss Henderson's claims and to vacate the entry of default against two of the defendant trusts.[10] I found that these motions were duplicative and did not comply with several of this court's local rules, so I sua sponte struck them and instructed Mr. Stapleton to reurge all

---

[5] *See generally* ECF No. 168. Hughes also argues that the other trustees of the defendant trusts should be held liable, too, and he disputes the facts alleged by Henderson, offers his own facts, and asserts an assumption-of-the-risk affirmative defense. None of these are valid dismissal arguments. And I note that Hughes's argument against alter-ego liability for Nevada trusts is not truly fleshed out and would be better suited to a motion for summary judgment.

[6] ECF No. 168 at 5, ¶ 9.

[7] *Swartz v. KPMG, LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

[8] *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

[9] *United States v. Chapel*, 41 F.3d 1338, 1342 (9th Cir. 1994) (quoting Fed. R. Evid. 201(a)).

[10] ECF Nos. 158, 159, 162, 163, 164, 166, 167, 171.

of his clients' dismissal arguments in a single but enlarged motion, and to reurge the set-aside arguments in a motion not to exceed 24 pages, and I gave him until July 7, 2017, to file both.[11] On the deadline to file, defendants instead moved for reconsideration of my sua sponte order.[12] Unpersuaded by defendants' arguments, I denied their motion to reconsider and extended their filing deadline to July 21, 2017.[13] Three days after that deadline expired, defendants moved to extend it, arguing that the failure to timely file was due to Mr. Stapleton's out-of-state travel and "a miscommunication between [Mr. Stapleton] and . . . Hughes regarding the due date" for the motions.[14]

Under the local rules of this court, a request for an extension of time "made after the expiration of the specified period will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline was the result of excusable neglect."[15] The determination about whether a party's neglect of a deadline is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."[16] These considerations include: "the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[17]

Generally, a three-day delay will not significantly impact judicial proceedings. But this one did because defendants also selected the wrong filing event when they filed their extension-seeking motions. Instead of selecting the motion-to-extend-time event in the court's filing

---

[11] ECF No. 174.

[12] ECF Nos. 178, 179.

[13] ECF No. 180 at 2.

[14] ECF No. 184 at 1–2, ¶ 2; ECF No. 186 at 1–2, ¶ 2.

[15] LR IA 6-1(a).

[16] *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

[17] *Id.*

system, defendants selected the one for motions for leave to file.[18] This caused the motions to be overlooked during routine checks for motions and stipulations to extend or truncate time. So, the motions were handled in the ordinary course and did not filter to the top of my motion pile until five months later.[19] Defendants' delay and failure to follow this court's local rules impeded this case's ability to move beyond the dismissal stage. I therefore find that defendants' delay has negatively impacted these proceedings.

I next consider the excuses given by defendants' counsel and whether he has acted in good faith. The first excuse—that he was visiting family out-of-state for over 10 days—is entirely within Mr. Stapleton's control and does not obviate his burden to monitor the docket in his cases. The second excuse—that there was a miscommunication about the due date between Mr. Stapleton and the pro se defendant Mr. Hughes—gives me pause. I cannot comprehend— and Mr. Stapleton does not explain—why a miscommunication about the deadline between Mr. Stapleton and this pro se defendant prevented Mr. Stapleton from timely filing two motions[20] on behalf of his clients. Mr. Stapleton is an attorney who represents multiple defendants in this case, so he has an independent obligation to monitor the docket and should not rely on a pro se defendant for that information. Plaintiff's counsel suspects that this was a problem for Mr. Stapleton because it is the pro se defendant, not Mr. Stapleton, who is drafting the briefs for Mr. Stapleton's clients.[21] I understand plaintiff's counsel's concern: Mr. Stapleton's filings are eerily similar to the pro se defendant's, and Mr. Stapleton explains in his extension-seeking motion that

---

[18] *Compare* ECF Nos. 184, 186 ("MOTION for Leave to File" events selected) *with* ECF No. 210 ("MOTION to Extend Time" event selected). The motions are also couched as ones for leave to file, not for an extension of time, so the error appears to originate with the drafter, who must be an attorney, and not his support staff.

[19] Due to the high volume of filings that this court receives, civil motions can remain on the docket for six months or more before they are addressed in the ordinary course.

[20] Motions that were merely supposed to be trimmed-down and rule-compliant versions of several motions that Mr. Stapleton had already filed in this case.

[21] ECF No. 193 at 5–7.

4

the pro se defendant contacted plaintiff's counsel about this matter on behalf of Mr. Stapleton and his clients.[22]

Mr. Stapleton's excuses for why he missed the filing deadline are not satisfactory, and I am not persuaded that he has acted in good faith. Based on this record, I conclude that it is no longer equitable to excuse these defendants' habitual failures to comply with the local rules of this court. I therefore deny defendants' motions to extend time, and I strike their untimely dismissal and set-aside motions from the docket.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Thomas Robert Hughes's motion to dismiss **[ECF No. 168] and** various defendants' motions to extend time **[ECF Nos. 184, 186] are DENIED**. IT IS FURTHER ORDERED that **ECF Nos. 185 and 187 are hereby STRICKEN FROM THE DOCKET**.

Dated: January 26, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[22] ECF Nos. 184 at 2, ¶ 2; 186 at 2, ¶ 2. Plaintiff's counsel provides a copy of the email that the pro se defendant sent explaining that he had mistakenly believed the filing date was three days later and asking plaintiffs to withdraw their motion for entry of default against Stapleton's clients. ECF No. 193-1.

5