Stephen K. Christiansen (Nev. Bar No. 11081)
311 S. State, Ste. 250
Salt Lake City, Utah 84111
Telephone: 801.716.7016
Facsimile: 801.716.7017
steve@skclawfirm.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA, SOUTHERN DIVISION

| | |
|---|---|
| ELMA HENDERSON, an individual, | |
| Plaintiff, | |
| vs. | **MOTION FOR EXTENSION OF SCHEDULING ORDER DATES** <br> **(Fifth Request)** |
| THOMAS ROBERT HUGHES a/k/a T.R. HUGHES a/k/a BOB HUGHES, individually and doing business as certain entities named herein and as putative trustee of NORTHSTAR GLOBAL BT and the ODIN STATUTORY TRUST; LAKE W HOLDINGS LLC; WESTERN GOLD COMPANY, LLC; COLINDO MINERALS, LLC; COLINDO, LTD.; FRANK A. FINNERTY, as putative trustee of the COLINDO TRUST and as putative trustee of the BOB CREEK TRUST; BCT HOLDINGS LLC; COLTEN METALS LLC; MISSION MINING COMPANY; CHERYL BETH HUGHES; CBH CONSULTING LLC; and DOES 1-100, | Case No. 2:16-cv-01837-JAD-CWH |
| Defendants. | |

Pursuant to Local Rules IA 6-1 and 26-4, plaintiff Elma Henderson moves the Court for a 120-day extension of current deadlines set forth in the Stipulated Discovery Plan and Scheduling Order (ECF No. 80) as extended by the Order of November 30, 2017 (ECF No. 221). This is the fifth such request, the Court having previously granted three extensions of 120 days, 90 days, and 90 days respectively (ECF Nos. 154, 202, 221, 234). The grounds are that defendant T.R. Hughes has just responded to discovery as of June 1, 2018, pursuant to Court order. Plaintiff needs time to absorb the impact of the response, which notably includes Mr. Hughes invoking the Fifth Amendment privilege against self-incrimination. Prior extensions were granted when, after an extended period, the pleadings were not yet closed, the Court had just ruled on outstanding motions, discovery and discovery motions remained to be completed, and the parties had devoted extensive time to settlement discussions.

After threshold motions following the filing of the original complaint in August 2016, plaintiff filed an amended complaint in January 2017 clarifying allegations (for the defendants' benefit) and adding parties. Following motion practice directed to the amended complaint, the Court granted leave to the plaintiff to file a second amended complaint (ECF No. 153), which she did on May 19, 2017 (ECF No. 155). The defendants filed a series of responsive motions, most of which the Court struck and which the defendants then failed to re-file within the time allowed by the Court. Ancillary motions related to the defendants' ability to file out of time or to seek leave to set aside defaults were ruled upon by the Court on January 26, 2018. (ECF No. 225.) The ruling denied defendant Hughes' motion to dismiss and required him to file an Answer. In a separate order, the Court also allowed service by publication on the defendant trusts, whose Answer was due by February 28, 2018. (ECF No. 220.)

Meanwhile, plaintiff served comprehensive written discovery requests on Mr. Hughes, which were due in mid-September 2017, via his email address of record with the Court. He did not timely respond. Instead, he claimed not to have received the requests. Plaintiff's counsel gave him an additional 30 days to respond. His responses at that time did not comply with the Court's rules, consisted largely of unmeritorious objections to the merits of the case, and failed to provide relevant information or any documents. Following a meet-and-confer session with plaintiff's counsel, Mr. Hughes promised to remedy the numerous deficiencies by November 13, 2017. That date came and went without compliance, and he declined to respond to follow-up communications regarding the same. Following a motion to the Court regarding this recalcitrant behavior in discovery, the Court granted Mr. Hughes until June 1, 2018, to provide discovery responses that complied with the rules. (ECF No. 241.) Mr. Hughes responded on that date by "taking the Fifth."

Because discovery was delayed by the principal defendant's obstructive failure to cooperate, followed by settlement negotiations, and because the plaintiff has just now received discovery responses from the principal defendant with a further refusal to answer, the current timeline needs to be extended so that plaintiff may assess and address the current status of discovery. Meanwhile, expert disclosures are due at the end of this month, with the plaintiff needing additional factual information from discovery to be able to identify and disclose appropriate experts.

Pursuant to Local Rule 26-4, Plaintiff provides the following information relative to the status of discovery and the proposed extension:

(a) A statement specifying the discovery completed: To date, those parties who have answered the complaint and not defaulted have exchanged Initial Disclosures in

accordance with Fed. R. Civ. P. 26(a)(1) and this Court's Scheduling Order as amended, and the Plaintiff has served written discovery and taken the deposition of defendant Cheryl Hughes and a short deposition of a third party. Defendant T.R. Hughes has responded in discovery with responses deemed deficient by the Court, with an order to respond pursuant to the rules. In further response, Mr. Hughes invoked the Fifth Amendment privilege against self-incrimination.

(b) A specific description of the discovery that remains to be completed: Plaintiff needs time to assess whether additional discovery may be taken in light of Mr. Hughes' default and/or whether any appropriate motions should be brought to the Court. All other defendants are in default.

(c) The reason why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan: The commencement of discovery was originally continued to allow all parties to be fully in the case. The case involves claims of alter ego and joint liability between defendant T.R. Hughes and his companies. The interrelatedness of the companies calls for discovery of Mr. Hughes and relevant company information simultaneously. Mr. Hughes represents that he is the person with information regarding the same, yet he has refused to provide that information in discovery. Plaintiff has proceeded with such discovery as she can under the circumstances while attempting to move the case forward in light of the defendants' numerous procedural motions and obstructionist approach to discovery. The parties have engaged in extensive settlement negotiations in an attempt to narrow or eliminate issues to be litigated.

(d) A proposed schedule for completing all remaining discovery: For the reasons stated above, plaintiff requests that the current amended scheduling order (ECF No. 234) be amended to reflect the following deadlines, which represent a 120-day extension from the current deadlines:

    (1) Expert disclosures: October 25, 2018.

    (2) Rebuttal expert disclosures: November 23, 2018.

    (3) Pleading amendment: November 28, 2018

    (4) Discovery deadline: December 27, 2018.

    (5) Dispositive motions: January 28, 2019.

    (6) Joint Pretrial Order: February 27, 2019.

For the reasons set forth above, good cause exists for the granting of this motion. This request is respectfully submitted.

DATED this 5th day of June, 2018.

STEPHEN K. CHRISTIANSEN, ATTORNEY AT LAW

By: /s/ Stephen K. Christiansen
Stephen K. Christiansen
*Attorney for Plaintiff*

IT IS SO ORDERED.

DATED: July 3, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of June, 2018, I caused a true and correct copy of the within and foregoing pleading to be served electronically upon all counsel and parties of record via the Court's CM/ECF system.

                                       /s/ Stephen K. Christiansen