# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Elma Henderson, | Case No.: 2:16-cv-01837-JAD-CWH |
| Plaintiff | **Order Denying Motion for Reconsideration and Denying as Moot Request for Decision** |
| v. | |
| Thomas Robert Hughes, et al., | [ECF Nos. 227, 250] |
| Defendants | |
| And all related matters. | |

Elma Henderson brings this breach-of-contract and fraudulent-transfer case against Thomas Hughes and a host of companies and trusts that she alleges are Hughes's alter egos.[1] Hughes moved to dismiss Henderson's claims,[2] and I denied his motion.[3] Hughes now moves for reconsideration, arguing that I did not consider all of his arguments when I decided his dismissal motion.[4] Hughes is mistaken. I didn't overlook any of the arguments that Hughes regurgitates in his reconsideration motion—I rejected them. Hughes has not met his burden for reconsideration, so I deny his motion for that relief.

In a document entitled "Request for Decision," Henderson asks me to issue an order deciding three motions that are currently pending on the docket, including Hughes's motion for reconsideration.[5] I deny Henderson's request as moot because the motions themselves are requests for decisions and Henderson has not shown that the parties require emergency relief.

---

[1] ECF No. 155 (second-amended complaint).

[2] ECF No. 168.

[3] ECF No. 225 at 2.

[4] ECF No. 227.

[5] ECF No. 250 (seeking "a decision" on ECF Nos. 227, 244, 247).

**Discussion**

**I.     Hughes's motion for reconsideration [ECF No. 227]**

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient[,]" so long as it has jurisdiction.[6] This district's local rule LR 59-1 advises that "[a] party seeking reconsideration . . . must state with particularity the points of law or fact that the court has overlooked or misunderstood."[7] "Motions for reconsideration are disfavored. A movant must not repeat arguments already presented" except in narrow circumstances.[8]

Hughes argues that reconsideration is warranted because I overlooked his arguments that: (1) the alter-ego allegations are not sufficiently pled because Henderson gets the facts wrong; (2) Henderson must prove a knowing and bad-faith violation of Nevada law because some of the defendants are spendthrift trusts; and (3) the fraudulent-conveyance claims are time barred because Henderson got the facts wrong about when the transfers occurred.[9] But I expressly considered—and rejected—these arguments when I ruled on the motion:

> Hughes also . . . disputes the facts alleged by Henderson, offers his own facts, and asserts an assumption-of-the-risk affirmative defense. None of these are valid dismissal arguments. And I note that Hughes's argument against alter-ego liability for Nevada trusts is not truly fleshed out and would be better suited to a motion for summary judgment.[10]

---

[6] *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotation and emphasis omitted); *see also Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013).

[7] L.R. 59-1(a).

[8] *Id.* at (b).

[9] ECF No. 227.

[10] ECF No. 225 at 2 n.5.

2

Hughes doesn't set forth a valid reason why I should reconsider my prior decision, he merely restates—sometimes in block-quote format—the arguments that he made before.[11] The only new information that Hughes provides is a convoluted wrongful-death hypothetical that he appears to use to show that my refusal to look beyond the pleadings was manifestly unjust.[12] There is no comparing the circumstances of Hughes's dismissal motion to those in Hughes's hypothetical. And a hypothetical doesn't change the fact that, "[a]s a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion."[13] Indeed, FRCP 12(d) instructs that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."

I am not persuaded that my decision to not consider matters beyond the pleadings and, thus, to not convert Hughes's "not truly fleshed out" dismissal motion into one for summary judgment, was manifestly unjust. Hughes has not demonstrated that reconsideration is warranted, so I deny his motion for that relief.

**II.    Henderson's request for decision [ECF No. 250]**

Henderson filed a document entitled "Request for Decision" that asks me to decide three motions that are currently pending on the court's docket, including Hughes's motion for reconsideration.[14] Henderson does not cite any authority for her request. Nor does she argue that the parties need emergency relief or that good cause exists to hear the motions outside of the ordinary course. The motions that she wants decisions on are themselves requests for decisions

---

[11] *E.g.* ECF No. 227 at 2–3.

[12] ECF No. 227 at 5–7.

[13] *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (quotation omitted).

[14] ECF No. 250.

3

and I have ruled on one of them in this order. The remaining motions will be decided—along with the hundreds of others on my docket—in the normal course. I therefore deny Henderson's request for decision as moot.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Hughes's motion for reconsideration **[ECF No. 227] is DENIED.**

IT IS FURTHER ORDERED that Henderson's request for decision **[ECF No. 250] is DENIED as moot.**

Dated: September 24, 2018

_____
U.S. District Judge Jennifer A. Dorsey