# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Elma Henderson, | Case No.: 2:16-cv-01837-JAD-CWH |
| Plaintiff | **Order (1) Granting in Part and Denying in Part Henderson's Motion for Summary Judgment, Sanctions, and Default Judgment; and (2) Denying Motion to Set Aside Entries of Default** |
| v. | |
| Thomas Robert Hughes, et al., | |
| Defendants | [ECF Nos. 244, 247] |

Plaintiff Elma Henderson moves for summary judgment on her breach-of-contract claim against Thomas Hughes.[1] Henderson contends that Hughes committed serious discovery abuses, so she also moves for case-dispositive sanctions against him. And if her summary-judgment and sanctions motions are granted, Henderson moves for default judgment against the other defendants, who have all been defaulted.[2]

Henderson's summary-judgment motion is conclusory, but the interests of justice merit giving her another chance. So, I deny the motion without prejudice to Henderson's ability to reurge it. I find that sanctions against Hughes are warranted but not case-dispositive ones, so I grant Henderson that relief. And I deny Henderson's motion for default judgment against the other defendants as premature under the *Frow* doctrine. Those defendants move to vacate the

---

[1] Henderson pleads two breach-of-contract claims against Hughes. ECF No. 155 at 34–35. It appears from the evidence Henderson provides that she is moving for summary judgment on the one entitled Count Four that concerns the Agreement Regarding Outstanding Judgments.

[2] ECF No. 244.

defaults that the Clerk of Court entered against them, but they have not shown that they are entitled to this relief, so I deny their motion.[3]

## Discussion

**A.     Henderson's summary-judgment motion is denied.**

The principal purpose of the summary-judgment procedure is to isolate and dispose of factually unsupported claims or defenses.[4] The moving party bears the initial responsibility of presenting the basis for its motion and identifying the portions of the record or affidavits that demonstrate the absence of a genuine issue of material fact.[5] If the moving party satisfies its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show a genuine issue for trial.[6]

Although supported by evidence, Henderson's summary-judgment argument is exceedingly light on law and analysis. Except for one sentence summarizing the summary-judgment standard, Henderson's full argument is that

> [t]he undisputed material facts demonstrate that [she] is entitled to recover from Hughes on her contract claim. There is no dispute that Hughes has failed to pay monies contractually owed when they were due. Hughes even specifically admits that the allegation is true. The amount due and owing is $809,246.43. Summary judgment should enter on this claim.[7]

Henderson's motion doesn't include a statement of the law that governs her breach-of-contract claim or analysis of why her facts satisfy that law. Also missing is analysis supporting the

---

[3] ECF No. 247.
[4] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).
[5] *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).
[6] Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[7] ECF No. 244 at 7.

2

claimed damage amount. The damage calculation that Henderson's attorney provides includes the amounts of the Nevada-domesticated judgments that she obtained against Hughes and NorthStar Global BT, and the post-judgement interest that has accrued on them,[8] but Henderson hasn't explained—let alone demonstrated—why the amount of either judgment or interest should be part of the damages award here.[9]

Henderson's conclusory motion "constitutes a consent to the denial of th[at] motion"[10] and falls short of satisfying her burden on summary judgment. Still, Hughes's discovery abuses and the interests of justice merit Henderson another chance at summary judgment. I therefore deny the motion without prejudice to Henderson's ability to reurge it with a fully developed complement of the governing law and analysis.

**B.     Henderson's motion for sanctions is granted in part as to non-case-ending sanctions.**

Henderson argues that I should enter default judgment on her other claims against Hughes as a sanction for his failure to cooperate in discovery, which includes disobeying Magistrate Judge Hoffman's order compelling him "to respond to the discovery requests

---

[8] ECF No. 245 at 2. I assume that the interest listed in her attorney's calculation is post-judgment interest on the judgments because the parties' agreement states that "[t]here shall be no interest paid on" the $200,000 "bonus" that Hughes and Northstar agreed to pay as consideration for Henderson foregoing her collection efforts.

[9] I am not satisfied that either of the judgments or any interest that has accrued on them should be included in any damage award here because the parties' agreement states that "[it] is for payment toward the Judgments and does not replace the Judgments. The Judgment shall remain intact until all payments due under this Agreement are paid in full and shall be reduced only as provided herein." ECF No. 245-2 at 2, Terms ¶ 1. Henderson also has not demonstrated that Hughes is liable for both judgments. The judgment against Hughes is "$15,000 in principal and accrued interests of $10,000 for a total due of $25,000." ECF No. 241-1 at 6–7.

[10] L.R. 7-2(d).

3

identified in . . . Henderson's motion to compel . . . ."[11] Alternatively, Henderson moves to have all of the factual allegations in her Second Amended Complaint deemed true.

When considering sanctions under FRCP 37, "A court must consider the following five factors before striking a pleading or declaring default: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions."[12] "[T]he key factors are prejudice and availability of lesser sanctions."[13] In particular, the Ninth Circuit has found that the element of prejudice is essential, and "sanctions [that] interfere with the litigants' claim or defenses violate due process when they are imposed merely for punishment of an infraction that did not threaten to interfere with the rightful decision of the case."[14] To warrant the drastic sanction of default judgment, the malfeasance must be due to "willfulness, fault, or bad faith."[15]

Henderson argues that these factors all favor drastic sanctions because this case is two years old, the discovery schedule is on its fifth iteration, and she has been diligently trying to obtain Hughes's discovery for nearly a year, but he frustrated her efforts and now refuses to provide any at all. Henderson contends that the court should not continue to use its finite resources coercing Hughes to do what he's already been ordered to do. Henderson argues that she will be prejudiced if she's required to litigate this case without discovery from Hughes

---

[11] ECF Nos. 241 at 2.

[12] *Hester v. Vision Airlines*, 687 F.3d 1162, 1169 (9th Cir. 2012) (quotation omitted).

[13] *Id.*

[14] *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990) (quotation omitted).

[15] *Anheuser-Busch, Inc. v. Natural Beverage Distrib.*, 69 F.3d 337, 348 (9th Cir. 1995) (quotation omitted).

4

because he controls the information that she needs to support her claims. She argues that Hughes's conduct is aimed at preventing this case from being decided on its merits. Finally, she contends that less severe sanctions would be inadequate because Henderson is an elderly woman who has had to chase Hughes for nearly a decade through three courts to recover the "six-figure amount [that] he owes her."[16]

Henderson doesn't show that Hughes is entirely to blame for the age of this case and the number of times the discovery schedule has been extended. In reviewing the docket, both appear to be due, at least in part, to the court's heavy caseload. She also doesn't state what ill effects the delay has produced. Regardless, this case is not unusually old for a civil case in this district.

Plus, Hughes wasn't entirely unresponsive to Henderson's written discovery requests: he responded to the interrogatories with some information, he denied her requests to admit and qualified his denials, and he produced two documents in response to the requests to produce.[17] There is no evidence that Henderson sought to depose Hughes. Hughes, however, did refuse to respond to some of Henderson's requests on faulty grounds. He then failed to oppose Henderson's motion to compel, which Magistrate Judge Hoffman correctly granted due to that failure,[18] and chose to invoke his Fifth Amendment right to not provide further answers or responses after Judge Hoffman ordered him to do so.[19] But the court didn't warn Hughes that

---

[16] ECF No. 244 at 11.

[17] ECF No. 235 at 3–16 (motion to compel wherein Henderson recounts her discovery requests and Hughes's responses).

[18] ECF Nos. 235 (motion to compel); 241 (order compelling Hughes to respond to Henderson's discovery requests); L.R. 7-2(d) (providing that "[t]he failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion").

[19] ECF No. 245-7.

case-dispositive sanctions could follow if he failed to comply with the court's orders or participate in discovery in good faith.

Considering the factors and these circumstances, I find that sanctions are merited here, but not the case-ending ones that Henderson seeks. This case has not devolved to the point where it needs to end either for the public's interest in expeditious resolution of litigation or the court's need to manage its docket. I am not satisfied that Henderson's claims cannot be disposed on their merits. Indeed, the evidence that Henderson provides with her summary-judgment motion demonstrates that she can muster evidentiary support for her claims. Nor am I convinced that Henderson's ability to prosecute her claims was hamstrung by Hughes's conduct: she can use documents and information that Hughes has disclosed, his prior sworn testimony, and his no-document responses. Discovery remains open,[20] so Henderson can still seek documents and information from third parties and even Hughes himself. Finally, any prejudice that Hughes's conduct has caused Henderson can be alleviated by a lesser sanction.

Accordingly, I grant Henderson's motion for sanctions in part: Hughes is prohibited from introducing into evidence any documents, affidavits, declarations, or other materials that are not already on the record in this case or that he has not disclosed to Henderson during discovery.

**C.     Henderson's motion for default judgment is denied as premature.**

Henderson moves for default judgment against the other defendants, all of whom have been defaulted by the Clerk of Court.[21] Courts in the Ninth Circuit follow the time-honored doctrine from *Frow v. De La Vega* for considering whether to enter default judgment against less

---

[20] ECF No. 256 (scheduling order providing August 26, 2019, as the discovery cutoff).

[21] ECF Nos. 188 (default against Lake W. Holdings LLC; Western Gold Company LLC; Colindo Minerals LLC; Colindo Ltd.; BCT Holdings LLC; Colten Metals LLC; Mission Mining Company; Cheryl Beth Hughes; and CBH Consulting LLC); 237 (default against Colindo Trust and Bob Creek Trust); 43 (default against Northstar Global BT and Odin Statutory Trust).

than all defendants in a multi-defendant case.[22] The *Frow* doctrine recognizes that, "where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants."[23] The Ninth Circuit extends this doctrine to cases where the co-defendants are "similarly situated" and defense of the claims will hinge on the same legal theory because "it would be incongruous and unfair to allow a plaintiff to prevail against defaulting defendants on a legal theory rejected by a court with regard to an answering defendant in the same action."[24]

This is precisely such a case. Henderson seeks relief against all defendants collectively and based primarily on an alter-ego theory. She alleges that all the defendants are Hughes's alter egos, so they are all liable for his actions. The *Frow* doctrine cautions against entering a default judgment against the defaulted defendants (the alter egos) while Hughes (the controlling individual) continues to actively defend against these jointly targeted claims. For this reason, I deny Henderson's motion for default judgment without prejudice to her ability to reurge it after the claims against Hughes have been resolved.

**D.     Defendants' motion to set aside entries of default is denied.**

All the other defendants move to set aside the defaults that have been entered against them.[25] Rule 55(c) of the Federal Rules of Civil Procedure provides that "[t]he court may set aside an entry of default for good cause . . . ." To determine good cause, courts in the Ninth Circuit consider three factors: "(1) whether the party seeking to set aside the default engaged in

---

[22] *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)).
[23] *Id.*
[24] *Geramendi v. Henin*, 683 F.3d 1069, 1082–83 (9th Cir. 2012) (quotation omitted).
[25] ECF No. 247.

7

culpable conduct that led to the default; (2) whether it had no meritorious defense; and (3) whether reopening the default judgment would prejudice the other party."[26]

Defendants don't provide this standard let alone demonstrate how they meet it. Tellingly, they also don't recount the tortured procedural history that led to their defaulted status, which in this case, is relevant to the first and third factors.[27] The only factor that defendants address is whether they have no meritorious defense—they raise various statute-of-limitations defenses. Even if defendants are correct that their defenses have merit, that alone does not warrant setting aside the entries of default, so I deny defendants' motion for that relief.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Henderson's motion for summary judgment, sanctions, and default judgment **[ECF No. 244] is GRANTED in part and DENIED in part:**

- Henderson's motion for summary judgment on her breach-of-contract claim against Hughes is **DENIED without prejudice** to her ability to file a new motion for summary judgment with a fully developed complement of the governing law and analysis.

- Henderson's motion for sanctions is **GRANTED in part**: Hughes is prohibited from introducing into evidence any documents, affidavits, declarations, or other materials that

---

[26] *U.S. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quotations and brackets omitted).

[27] *See, e.g.,* ECF Nos. 153 (denying motions to dismiss because defendants had been defaulted, and instructing them to move to set aside default), 174 (striking defendants' dismissal and set-aside motions for numerous rule violations, giving leave to refile them and instructions for doing so), 180 (denying motion to reconsider order striking defendants' rules-breaking motions), 225 (denying motion to extend time to refile dismissal and set-aside motions and striking those belatedly filed motions upon finding "it is no longer equitable to excuse these defendants' habitual failures to comply with the local rules of this court"), 239 (Magistrate Judge Hoffman granting unopposed motions to strike answers filed by defaulted defendants).

he has not already disclosed to Henderson or that are not already on the record in this case.  **Hughes is cautioned that further failure to participate in discovery could result in case-ending sanctions.**

- Henderson's motion for default judgment against the defaulted defendants is **DENIED as premature** under the *Frow* doctrine.

IT IS FURTHER ORDERED that the defaulted defendants' motion to set aside the entries of default **[ECF No. 247] is DENIED.**

Dated: March 6, 2019

_____
U.S. District Judge Jennifer A. Dorsey